# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| RODERICK JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  CV412-012 |
| | ) | |
| OFFICERS AND OFFICERS OF | ) | |
| THE COURTS AND DFCS IN BOTH | ) | |
| GEORGIA AND FLORIDA, | ) | |
| *individually and in their official* | ) | |
| *capacities,* | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is Roderick Jackson's 42 U.S.C. § 1983 civil rights complaint.  (Doc. 1.)  The Court granted him leave to proceed in forma pauperis on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form.  (Doc. 3.)  He has returned the two forms, so the case is ready to proceed.  (Docs. 4 & 5.)

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient.  28

U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").  The Court will therefore examine the complaint to determine whether it states a colorable claim for relief.

Jackson, like many recent detainees at the Chatham County Detention Center, seeks to enjoin what he characterizes as a bad faith criminal prosecution against him.  (Doc. 1 at 1.)  Captioning only unspecified defendants, he insists that "they" violated his constitutional rights when his home was searched and his children were "kidnaped." (Doc. 1 at 4-6.)  These unnamed officers also violated his rights by depriving him of his spouse under questioning, since she is his religious advisor. (*Id.* at 6.)  And they falsely imprisoned him and testified falsely under oath against him. (*Id.*)  Moreover, he claims, they altered arrest warrants to reflect information they obtained while holding him at gunpoint, and they violated statutory requirements by seizing his

children without first "do[ing] everything in their power to keep the family together and not destroy it." (*Id.* at 4-6.) These unspecified defendants also subjected him to mental evaluations based on his invocation of the right to remain silent and deprived him of his speedy trial rights. (*Id.* at 6-8.) They also failed to provide him with his required Kosher dinners and have denied him dental care. (*Id.*) Based upon this string of deprivations, Jackson asks for a hearing and seeks a "cease and desist restraining order" to "stop all prosecutions by the state." (*Id.* at 9.) Finally, he asks for a preliminary and permanent injunction, presumably to stop the prosecution. (*Id.*) Notably, his relief is *not* targeted at correcting deficiencies in meeting his medical needs or correcting any deprivation of religious freedom. Nor does he seek damages.

"Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Consequently, this Court may not enjoin the state court criminal proceeding unless: (1)

there is a "great and immediate" danger of irreparable harm to be suffered as a result of the prosecution; (2) the state law is flagrantly and patently violative of the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*, 401 U.S. at 46-54); *Cole v. State of Florida*, 2010 WL 2711861 at * 3 n. 4 (N.D. Fla. Jun. 3, 2010).

Here, Jackson has not come close to meeting that standard. He has failed to offer any identifiable defendants, instead naming only "officers" generically. Nor have his conclusory allegations against these unidentified defendants come close to showing any "bad faith" or "malicious and vindictive . . . conspiratorial prosecution." (Doc. 1 at 1.) Jackson's showing is utterly deficient in that regard since he has not offered any *proof* of bad faith or harassment.[1]

---

[1] "Under *Younger*, intervention cannot be predicated on mere allegations; rather, the federal plaintiff must prove bad faith or harassment before intervention is warranted." *Phelps v. Hamilton*, 59 F.3d 1058, 1066 (10th Cir.1995); *see Juidice v. Vail*, 430 U.S. 327, 338 (1977) (holding that the bad faith or harassment exception to *Younger* "may not be utilized unless it is alleged and proved that [the defendants] are enforcing the contempt procedures in bad faith or are motivated by a desire to harass").

For that matter, to the extent Jackson seeks immediate release from confinement, he is in substance bringing a 28 U.S.C. § 2241 habeas action, not a § 1983 claim. *See Hudson v. Hubbard*, 358 F. App'x 116, 119 (11th Cir. 2009) (citing *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir.2003)); *see also Wilkinson v. Dotson*, 544 U.S. 74, 77 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Wolff v. McDonnell*, 418 U.S. 539, 553-55 (1974) (delineating distinctions between using § 1983 to pursue damages, and habeas for claims affecting confinement). But to do that he must first exhaust his state court remedies.[2] If he wishes to proceed with such a claim, he should file a 28 U.S.C. § 2241 habeas petition, but he is

---

[2] Jackson cannot credibly claim that meaningful judicial review is not available to him in the Georgia courts:

> So long as review is available in the Georgia courts . . . "this Court is precluded from the consideration of the substance of [Jackson's claims] until the issues have been squarely and fairly presented to the Georgia courts for their consideration." *Fields v. Tankersley*, 487 F. Supp. 1389, 1391 (S.D. Ga. 1980). As Petitioner apparently has not sought relief in state court, he has not exhausted his state court remedies. *See Castille v. Peoples*, 489 U.S. 346, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989) (holding that a claim is only exhausted if it was presented to the state courts under remedies available under state law).

*Ellis v. Unnamed Defendant*, 2010 WL 3842806 at * 1 (N.D. Ga. Sep. 28, 2010); *see also* 28 U.S.C. § 2254(b), (c).

advised that such a petition would likely be subject to immediate dismissal for lack of exhaustion.

Accordingly, plaintiff's complaint should be **DISMISSED**, as it bears not even the slightest hint that it can be cured with a "second-chance" amendment. *Cf. Langlois v. Traveler's Ins. Co.*, 401 F. App'x. 425, 426-427 (11th Cir. 2010) (pro se IFP litigant should have been afforded an opportunity to amend deficiencies prior to dismissal where fewer than 21 days had passed since she had filed her complaint, defendants had not yet been served, no responsive pleadings had been filed, there was no risk of undue prejudice, there was no evidence of plaintiff's undue delay, bad faith, or dilatory motive, and amendment may not have been futile given additional documentary evidence attached to her appellate brief).

Meanwhile, Jackson must pay for filing this lawsuit. Based upon his furnished information, he owes an initial partial filing fee of $1.46. See 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula) (emphasis added). Plaintiff's custodian shall deduct $.33 from Jackson's account and remit it to the Clerk of Court when, combined with later collections, $10 is

accrued.   The custodian also shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full.   In the event plaintiff is transferred to another institution, plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian.   The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian.   The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO REPORTED AND RECOMMENDED** this ___26th___ day of March, 2012.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

7